UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGARET WALET & HENRY
WALET

CIVIL ACTION

VERSUS

NO. 24-2106

EHP NOLA HOTEL, LLC, ET AL.

SECTION "R"

## ORDER AND REASONS

Before the Court is an unopposed motion from plaintiffs Margaret and
Henry Walet to file a third amended complaint.[1]  For the following reasons,
the Court grants the motion and remands the case to state court.

## I.   BACKGROUND

Plaintiffs allege that in July 2023, while they were seated on a couch in
the lobby of the Troubador Hotel, a guitar mounted on the wall fell and struck
Margaret Walet on the head, injuring her.  The Walets sued in Louisiana state
court on June 28, 2024.[2]   Defendants removed to federal court under
diversity jurisdiction on August 27, 2024.[3]  The Court then granted plaintiffs
three extensions of the deadline for amendments to pleadings, third-party

---

[1]      R. Doc. 60.
[2]      R. Doc. 1, at 1.
[3]      *Id.*

1

actions, crossclaims, and counterclaims.[4] In April 2025, plaintiffs amended their complaint, adding Bill Kaelin Marketing, LLC and EcoGreen Construction Services, LLC (EcoGreen).[5] EcoGreen had filed for Chapter 7 bankruptcy two months prior, in February 2025.[6]

In August 2025, plaintiffs filed an unopposed motion to stay the proceedings, which the Court granted as to the bankrupt defendant EcoGreen and denied as to the remainder of the parties.[7] The Court granted a second continuance in August 2025 because Margaret Walet had a two-level cervical fusion and could not then participate in a Rule 35 medical examination.[8] In November 2025, plaintiffs moved for leave to file a second supplemental and amending complaint, which the Court granted.[9] Plaintiffs now move to file a third amended and restated complaint.[10] Plaintiffs seek to amend their complaint to add Nathan Sheaffer, a non-diverse party, as a defendant.[11] Sheaffer allegedly installed the guitar that fell off of the wall and injured Walet. Plaintiffs recognize that addition of Sheaffer will destroy

---

[4]     R. Docs. 1, 15, 17, & 20.
[5]     R. Doc. 25.
[6]     R. Doc. 37, at 2.
[7]     R. Doc. 38.
[8]     R. Doc. 41.
[9]     R. Doc. 51.
[10]    R. Doc. 60.
[11]    *Id.*

diversity jurisdiction and will require remand to state court under 28 U.S.C. § 1447(e).

The Court considers the motion below.

## II.    LEGAL STANDARD

If the deadline for amending pleadings in a case management order has expired, the movant must demonstrate good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b) before the more liberal standard of Federal Rule of Civil Procedure 15(a) applies to the court's decision to grant or deny leave. *Shaw v. Restoration Hardware, Inc.*, 93 F. 4th 284, 292 (5th Cir. 2024). In the Fifth Circuit, courts consider four factors to determine whether good cause exists to grant leave to amend after the expiration of a scheduling order deadline: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 293 (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)).

If good cause exists under Federal Rule of Civil Procedure 16(b), the court then considers the more liberal Rule 15(a) standard. Federal Rule of Civil Procedure 15 provides that leave to amend shall be freely given when justice so requires. In cases that have been removed to federal court solely

3

on the basis of diversity jurisdiction, Rule 15 must be read in conjunction with 28 U.S.C. § 1447(e). *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). Section 1447(e) states that, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the State court." Therefore, when a party seeks to amend a pleading such that it would destroy diversity jurisdiction, the district court must either deny leave to amend or allow the amendment and remand. *Cobb*, 186 F.3d at 677. The court may not allow joinder of non-diverse parties, even if they are dispensable, and retain jurisdiction over the matter. *Id.*

Because post-removal joinder of a non-diverse defendant destroys the court's subject matter jurisdiction, the Fifth Circuit has instructed district courts to scrutinize such amended pleadings more closely than an ordinary amendment under Rule 15. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In such a case, "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.* These factors include: (1) whether the primary purpose of the amendment is to defeat federal jurisdiction; (2) whether the

4

plaintiff has been diligent in requesting the amendment; (3) whether the plaintiff will be significantly injured if the amendment is denied; and (4) any other equitable factors present in the case. *Id.*

## III.  DISCUSSION

First, the Court considers whether plaintiffs have established good cause to modify the scheduling order to permit filing of the third amended complaint.  The Court finds that the plaintiffs have done so.  *See Shaw v. Restoration Hardware, Inc.*, 93 F.4th 284, 292 (5th Cir. 2024) (listing factors).  Plaintiffs' explanation for their failure to timely move for leave to amend is that, despite their diligence, they did not know of Sheaffer's identity until March 2026, well after the scheduling order's October 23, 2025 deadline for amending pleadings.[12]  Further, the Court finds that the amendment is important, as plaintiffs assert claims against Sheaffer for his role in installing the guitar that allegedly harmed Margaret Walet.[13]  As to potential prejudice, the defendants provided written consent to the filing of the third amended complaint.[14]  The Court concludes that the plaintiffs have met the good cause requirement to modify the scheduling order to permit untimely filing of a third amended complaint.

---

[12]     R. Doc. 60-1 at 4.
[13]     R. Doc. 60-3 at 1-3.
[14]     R. Doc. 60-6.

Having concluded that there is good cause to amend the scheduling order to permit filing of the third amended complaint, the Court addresses whether to allow amendment to name the non-diverse defendant Shaeffer, which would destroy diversity jurisdiction and require remand.  Given the information plaintiffs obtained during discovery and submitted in support of this motion, the Court concludes that the evaluation of the *Hensgens* factors weigh in favor of allowing plaintiffs to name Sheaffer as a non-diverse defendant and remanding this action.  833 F.2d at 1182.

As to the first *Hensgens* factor—the plaintiffs' purpose for amendment—courts consider (1) whether the plaintiffs knew the identity of the non-diverse defendant when filing the state court petition and (2) whether the plaintiffs have stated a valid claim against the non-diverse defendant.  *See Casey v. B H Mgmt. Services Inc.*, 2021 WL 6077623 (W.D. La. Apr. 22, 2021) (collecting cases).  Here, both weigh toward permitting amendment.  The plaintiffs did not know the identity of Sheaffer when filing the state court complaint.  Plaintiffs instead named a fictitious entity responsible for installing the guitar in the state court complaint because of uncertainty as to the identity of the installer.[15]  Plaintiffs have also alleged a plausible negligence claim against Shaeffer.  Plaintiffs have pleaded that

---

[15]     R. Doc. 1-1.

Shaeffer had a duty to safely and properly install the guitar and breached that duty by failing to safely install the guitar, causing harm to Margaret Walet.[16] There is nothing to suggest that plaintiffs' primary purpose in amending the complaint is to defeat diversity jurisdiction. The plaintiffs' purpose for amendment weighs toward granting the amendment.

As to the second *Hensgens* factor, the court concludes that the plaintiffs have not been dilatory in seeking amendment. The record supports a finding that the plaintiffs did not learn the identity of Sheaffer until March 2026 and then promptly filed this motion.[17] This is not an action where plaintiffs were not diligent in seeking amendment after learning the identity of the proposed non-diverse defendants. The second *Hensgens* factor weighs in favor of allowing amendment.

The third factor weighs toward granting the amendment, as the plaintiffs would be prejudiced if unable to add Sheaffer as a defendant because of his central role in installing the guitar. As to the fourth factor, all parties to the lawsuit consent in writing to the amendment.[18] There are no other equitable factors in the case that alter the analysis. The *Hensgens* factors are all either in favor of or neutral to permitting the joinder of

---

[16]    R. Doc. 60-3 at 1-4.
[17]    R. Doc. 60-1 at 4.
[18]    R. Doc. 60-6.

Sheaffer.  The Court grants the motion to modify the scheduling order and permits amendment of the complaint to join Sheaffer as a party.

Plaintiffs Margaret and Henry Walet are citizens of Louisiana.  Sheaffer is a citizen of Louisiana.[19]  Sheaffer is therefore non-diverse.  Because the Court permits plaintiffs to amend their complaint to add a non-diverse defendant, the Court must remand the case to state court under 28 U.S.C. § 1447(e).

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for leave to file a third amended complaint.  The third amended complaint is entered into the record.

The Court REMANDS the case to state court under 28 U.S.C. § 1447(e).

New Orleans, Louisiana, this 27th day of April, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[19]    R. Doc. 60-1 at 4.

8